ORDER GRANTING MOTION FOR CLARIFICATION
KATHARINE ENGLISH, Chief Judge.
THIS MATTER comes before the Court on Defendant’s Motion for Clarification.
In its order remanding this case to the Internal Review Board (IRB), the Court concluded that petitioner had not “received constitutionally adequate notice before the IRB hearing.” Because the inadequate notice deprived Petitioner of due process, the Court remanded to the IRB “for further proceedings not inconsistent with th[e] [Court’s] opinion.”
Defendant, Spirit Mountain Casino here in after, Spirit Mountain, has filed a “Motion for Clarification” of the Court’s order. In an accompanying memorandum, Spirit Mountain explains that it does not question the Court’s ultimate conclusion or its order of remand. Instead, Spirit Mountain suggests that the Court “should clarify the stated basis for its decision.” Specifically, Spirit Mountain argues that the Court erred in relying on, or “applied * * * in too broad a context,” the following documents: “the Tribal Constitution, the Indian Civil Rights Act, the Tribes’s Governmental Purpose Ordinance, the Tribes’s Employment Action Review Ordinance, the Tribe’s Human Resources Guidebook and Employee Handbook, and the Tribe’s personnel Management Ordinance [.]” Spirit Mountain suggests that, instead, the Court should have relied on the Spirit Mountain Gaming, Inc. Employee Handbook and that document alone is sufficient “to provide the basis for the Court’s remand.” For the reasons that follow, the Court grants the Motion for Clarification.
The Court agrees with Spirit Mountain that the same analysis that the Court applied to other documents cited in the Court’s initial decision also applies to Spirit Mountain’s Employee Handbook. That *122 is, [t]he vested right oí a non-introductory employee,” such as petitioner, “to the grievance and review process outlined in the Handbook, when viewed in light of the Employment Action Review Ordinance” is, the Court finds, “enough to endow [petitioner with [an entitlement tojdue process.” Spirit Mountain asserts that “[n]o other documents need to be invoked[.]” The Court agrees.[1] Thus, the Court need not and does not decide whether Spirit Mountain is correct in asserting that the Tribal Ordinances and the Tribal Employee Handbook mentioned in the Court’s original order cannot serve as sources for Petitioner’s property interest here. Because Petitioner is entitled in any event to due process and to a remand, the Court need not make those decisions here.
Therefore, the Court grants reconsideration, as explained above, and remands this matter to the Internal Review Board for further proceedings not inconsistent with this opinion.

. However, Spirit Mountain appears to misunderstand the Court's reference to and reliance on the Tribal Constitution and the Indian Civil Rights Act. The Court sited those documents not as a source of Petitioner’s property interest in continued employment, as Spirit Mountain appears to believe, but rather as sources for the due process guarantee itself. The Court agrees that the property interest per se must stem from some other source.